UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| CHARLIE BELLS, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 15-186-DCR |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JONES, Administrative Medical, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Charlie Bells, Jr, is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP")-Victorville located in Adelanto, California. Proceeding without counsel, Bells has filed a civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [Record No. 1][1]  Bells alleges that between late June 2015 and early September 2015, three USP-McCreary officials violated his federal constitutional rights.[2]

Because Bells asserts claims against government officials, and because he has been granted pauper status, the Court must conduct a preliminary review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  These statutes require that the Court dismiss

---

[1] When Bells filed this proceeding, he was confined at the USP-McCreary, located in Pine Knot, Kentucky. On March 25, 2016, Bells notified the Court that he had been transferred to the USP-Victorville. [Record No. 14]

[2] The named defendants are: (1) "Jones," identified as an "Administrative Medical" official of USP-McCreary; (2) "Beron," identified as the Associate Warden of USP-McCreary; and (3) "Doyle," identified as "Ex-Secretary/Notary" of USP-McCreary.

any action which: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2)(B)(i)-(iii); 1915A(b)(1)-(2).[3] As explained below, Bells filed this *Bivens* action prematurely. Further, he has failed to state a claim upon which relief can be granted regarding the three named defendants. As a result, this action will be dismissed with prejudice.

## I.

Bells' handwriting is difficult to decipher. His sentences often run together in a rambling, incoherent fashion, making it difficult to understand the substance of many allegations.[4] Bells alleges that on June 23, 2015; June 28, 2015, and July 5, 2015, he was denied medication (which he identifies as valporic acid), either in whole or in part, and that his requests to be seen by the medical staff were denied and/or delayed. [Record No. 1, p. 3, § III (A), "Statement of Claims"] The exact nature of Bells' allegations against Defendant Jones are not entirely clear, but he appears to allege that after he complained to her about the dispensation of his medication, or the lack of dispensation, she responded that Bells should "be patient." [Id.]

Bells claims that on June 23, 2015, Defendant "A." Doyle, "Notary/Secretary" at USP-McCreary, cursed at him, spoke to him in a rude and disrespectful manner in front of other inmates and USP-McCreary staff, and used violent body language which demonstrated

---

[3] Because Bells is proceeding *pro se*, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[4] Pages 2, 4, 6, 8, 10, 12, 14, and 16 of the Complaint are blank.

hostility. [*Id*., pp. 3-5] Bells describes Doyle's alleged conduct as "[i]nhuman [sic] treatment by staff." [*Id*., p. 5, § III (B)]

Bells contends that, on August 3, 2015, and on August 7, 2015, Defendant Beron treated him with "upmost respect" while conducting walk-throughs of the cell living areas of the 202-203 Range. [*Id*., p. 5] Bells further asserts that Beron acted:

> without regard to my well-being, safety or Possibility of My Person of Endangerment or Threat to Possible Harm by Institutional Staff! Attachment(8) Remedy(s) … Medical Remedy(s) of Medical Never Giving in or Helping but lying thereafter I still have "Untreated Wounds & their [sic] are Inffected [sic]," from the "TEAM" Lt. McKnight formed on 8-21-15 at about 9:30p.pm (See Previous Complaint enclosed herein envelope)….

[*Id*.] Bells generally alleges that the conduct to which he was subjected between August 3, 2015, and September 7, 2015, constituted "inhuman treatment and endangerment." [*Id*.]

Bells states that he submitted grievances and/or appeals complaining about these alleged actions to all three levels of the BOP's administrative remedy process: the Warden, the BOP Regional Director, and the BOP's Office of General Counsel. [*Id*., p. 7] He lists the dates on which he filed the first two rounds of grievances, but these dates are barely legible and do not appear to be chronological order. Bells indicates that he submitted his Request to the Warden (BP-9) on "07-30 & 8-01," and that he submitted his appeal (BP-10) to the BOP's Regional Office on "07-30-2015." [*Id*., § IV (A)(2), "Exhaustion of Administrative Remedies"] Bells further asserts that, as of the date of his complaint, his final appeal to the BOP's Office of General Counsel (BP-11) was "pending." [*Id*.] As

3

previously noted, Bells' handwriting is extremely difficult to read in many passages, but he appears to have dated his complaint "09-19-15." [*Id.*, p. 15, "Certification"][5]

Bells has attached copies of two Requests for Administrative Remedies which he submitted in October 2014 to the Warden of USP-Terre Haute, in Terre Haute, Indiana. [Record No. 1-2, at p. 3 (dated October 22, 2014), and at p. 5 (dated October 29, 2014)] In those two remedy requests, Bells alleged that he was being denied proper medical treatment and that USP-Terre Haute officials were being deliberately indifferent to his serious medical needs. [*Id.*] Bells also attached copies of three e-mails regarding his health care at USP-McCreary. In one e-mail dated June 28, 2015, Bells asked the USP-McCreary Health Services to respond to specific questions about his medical treatment. [Record No. 1-2, p. 7]. In another set of e-mails dated June 23, 2015, Bells complained about changes to his medication regimen; specifically, the cessation of certain medications and pain. [*Id.*, p. 9] The USP-McCreary Health Service responded: "[y]ou are on the waiting list to see the Physician for chronic care and can address your concerns during that visit." [*Id.*, p. 9]

Bells alleges that the defendants violated numerous provisions of the United States Constitution, including but not limited to the Eighth Amendment prohibition against cruel and unusual punishment, the Fifth Amendment protection preventing deliberate indifference to his serious medical needs, and the Fifth Amendment protection against discrimination. [Record No. 1, p. 7, § III (D)] Bells seeks an order transferring him to an "F.C.I. Mid-Custody" and placing a lien on the defendants' "personal assets and investments." [*Id.*, p.

---

[5] The postmark on the envelope in which Bells mailed his complaint is dated October 20, 2015 (a Tuesday). [Record No. 1-3, p. 1] The Clerk of the Court received Bells' complaint on Monday, October 26, 2015, and docketed it on Tuesday, October 27, 2015.

15, § VI, "Relief"] Bells also seeks judgment from the defendants in the amount of $3,000,000. [*Id.*; *see also*, Record No. 1-1, p. 1]

## II.

The Prison Litigation Reform Act ("PLRA"), 42 USC § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."), and applies to any claim that arises out of any aspect of prison life, whether it involves general circumstances or particular episodes, and whether it alleges excessive force or some other wrong. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The four-tiered administrative remedy available to BOP inmates complaining about any aspect of their confinement is outlined in the BOP's Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19. Section 542.13(a) requires that an inmate first informally present his complaint to the staff [BP–8 form] before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, he may then file a formal written request to the Warden [BP-9 form]. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10 form]. Thereafter, if the inmate is not satisfied with the Regional Director's response, he may appeal that decision to the Office of General Counsel [BP-11 form]. *See* 28 C.F.R. § 542.15.

The BOP's administrative procedure includes established response times.  28 C.F.R. § 542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director has 30 days to respond; and General Counsel has 40 days to respond. Only one written extension of time of 20-30 days is permitted.  If the inmate does not receive a response within the allotted time, he may consider the absence of response as a denial at that level.  [*Id*.]

In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, following all directions, and adhering to all deadlines set by the administrative rules.  *Id*. at 90.  As a federal prisoner, Bells was required to pursue all steps of the BOP's administrative remedy process regarding his various claims *before* filing this action.  According to the complaint, the earliest conduct to which Bells was subjected at USP-McCreary allegedly occurred on June 23, 2015.  And the most recent unconstitutional conduct at USP-McCreary allegedly occurred on September 7, 2015.

Absent extensions, the BOP administrative remedy process takes about ninety (90) days to complete.  But with extensions, the process could take up to 120 days.  Bells alleges that he submitted his Remedy Request (BP-9) to the Warden of USP-McCreary on July 30, 2015, and/or August 1, 2015; that he submitted his Bp-10 appeal to the BOP's Regional Director on July 30, 2015, and that his BP-11 appeal to the BOP's Office of General Counsel was "pending" as of the date on which he filed his complaint. [Record No. 1, p. 7, § IV (A)(2)]   Bells dated his complaint September 19, 2015, which means that given the dates of the alleged misconduct, Bells filed this action before the entire administrative exhaustion

6

process could have run its course with respect to any of the action (or lack of action) about which he complains. Regardless of whether September 19, 2015, or October 26, 2015, is used, it is clear from the Bells' statements that he short-circuited the BOP's exhaustion process and filed this action prematurely before fully and completely exhausting his administrative remedies.

Where a plaintiff admits that he did not exhaust his administrative remedies before he filed suit, or that he started the process but not did not complete it, dismissal of the complaint is appropriate upon initial review. *Jones v. Bock*, 549 U .S. 199, 214-15 (2007) (district court can dismiss a complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint was clear that prisoner failed to exhaust administrative remedies, the district court may dismiss it *sua sponte* for failure to state a claim); *Washington v. Unknown C/O*, No. 1:13-CV-10, 2013 WL 170173, at *4 (S.D. Ohio Jan. 16, 2013) ("… although exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure, *sua sponte* dismissal for failure to state a claim upon which relief may be granted is appropriate on initial review of the complaint."); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Brown v. Wilson*, No. 10-CV-347-KSF, 2011 WL 676937, at *3 (E.D. Ky. Feb. 16, 2011) (dismissing federal prisoner's complaint where it was clear from the face of the

complaint that he had not fully exhausted his administrative remedies); *Smith v. Lief*, No. 10-CV-08-JMH, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007) (dismissing *sua sponte* prisoner's complaint alleging an the Eighth Amendment violation, where he admitted that the prison exhaustion process was still pending).

In summary, it is clear from the face of Bells' complaint that he filed this action before he fully and completely exhausted his various constitutional claims. As a result, all of the claims asserted in this action are subject to dismissal, without prejudice.

**III.**

Notwithstanding the foregoing discussion, other reasons warrant the dismissal of Bells' claims on the merits. First, Bells has failed to state a claim entitling him to relief against Jones based upon alleged deliberate indifference under the Eighth Amendment. Bells identifies Jones as an "Administrative Medical" official at USP-McCreary, **not** as a provider of medical care or someone who has training and expertise in the medical field. Numerous courts, including this Court, have dismissed such claims against defendant Health Services Administrators, Wardens, and higher level BOP administrative officials because the defendants either were not medical professionals personally involved with the prisoners' medical treatment or they lacked authority to override the treating physician's decisions regarding medical treatment. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); *Bevil v. Lappin*, No. 0:11-CV-117-

HRW, 2012 WL 1409550, at *2 (E. D. Ky. Apr. 23, 2012), *aff'd*, *Bevil v. Lappin*, No. 12-5520 (6th Cir. Jun. 14, 2013); *Brown v. Wilson*, No. 6:11-CV-189-KSF, 2012 WL 639475, at *4 (E.D. Ky. Feb. 27, 2012); *Warren v. Epps*, No. No. 2:10cv22–MTP, 2011 WL 3349829, at *6, (S.D. Miss. August 2, 2011); *Mcintosh v. Beighley*, No. 2:08cv414-WTL, 2011 WL 1364208, at *3 (S.D. Ind. April 11, 2011); *Wagner, Jr. v. Wexford Medical Health Services*, No. 2:09cv28, 2010 WL 3395037, at *5 (N.D. W.Va. July 21, 2010).

That rational applies here because Bells does not allege that Defendant Jones was a medical care provider who denied him necessary medical treatment. He merely alleges that he "spoke" to Jones about his conversations and prior inquiries to Nurse Summers regarding his medical treatment. [Record No. 1, p. 3] Bells alleges that he suffered from unspecified "untreated wounds" and an "infection," apparently stemming from the use of force against him on August 21, 2015, *see id.*, p. 5, and that a change was made in some of his daily medications (Ranitidine 300mg and Naproxen), *see* Record No. 1-2, p. 7; p. 9. However, Bells does **not** allege that any of the named defendants were medical care providers who either changed his medication regimen or denied him necessary medical treatment in relation to the alleged physical injuries sustained on August 21, 2015.

Bells appears to be asserting claims against Defendant Jones because she held some type of administrative or supervisory position in the medical department of USP-McCreary. However, the doctrine of *respondeat superior*, or the right to control employees, does not provide the basis for liability in a *Bivens* action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978); *Stiger v. O'Neill*, 53 F. App'x 738, 740 (6th Cir. 2002). Because vicarious liability is inapplicable to

*Bivens* and 42 U.S.C. § 1983 civil suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). In short, "[s]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)); *see Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Bells does not allege that Defendant Jones was personally involved regarding the decisions concerning his medical treatment and/or his medication. "[T]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Bells' Eighth Amendment claim against Defendant Jones alleging deliberate indifference to his serious medical needs will be dismissed *with* prejudice for failure to state a claim upon which relief can be granted.

Next, Bells' allegations that the Defendants Doyle and Beron demonstrated hostility and/or disrespectful behavior towards him; that they cursed him and were rude to him; and that they engaged in other forms of unpleasant verbal harassment, do not state an Eighth Amendment violation. The use of harassing or degrading language by a prison official does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir.) (harassment and verbal abuse of a

prisoner do not constitute the type of infliction of pain that the Eighth Amendment prohibits), *cert. denied*, --- U.S. ----, 125 S.Ct. 157, 160 L.Ed.2d 59 (2004); *Wingo v. Tenn. Dep't of Corr.*, 499 Fed. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Violett v. Reynolds*, No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Murray V. U.S. Bureau of Prisons*, 106 F. App'x 401, 1997 WL 34677 (6th Cir. Jan. 28, 1997) (affirming dismissal of Eighth Amendment claims based on offensive remarks made by prison officials). Thus, Bells fails to state an Eighth Amendment claim against Defendants Jones and Doyle and that claim against these defendants will be dismissed with prejudice.

Finally, Bells has requested an order placing him in a "mid-custody" BOP facility. [Record No. 1, p. 15] As noted, Bells notified the Court March 25, 2016, that he had been transferred to the USP-Victorville in Adelanto, California. An inmate's transfer or release renders the district court unable to grant the injunctive requested relief. *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claim for declaratory and injunctive relief becomes moot once the prisoner is transferred from the prison about which he complained to a different facility); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). For these reasons, Bells' request for a transfer to another BOP facility is moot.

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

(1)   The Complaint [Record No. 1] filed by Plaintiff Charlie Bells, Jr., is DISMISSED, with prejudice.

(2)   Bells' request for a transfer [Record No. 1, p. 15] is **DENIED** as **MOOT**.

(3)   Judgment will be entered this date in favor of the named defendants.

This 13th day of May, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge